UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Glenn A. Prior,                     :
          Petitioner,               :
                                    :
          v.                        :    File No. 2:06-CV-224
                                    :
Robert Hofmann,                     :
Commissioner, Vermont               :
Department of Corrections,          :
          Respondent.               :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 5, 10, 12, 15, 17, 19, 21 and 22)

Petitioner Glenn Prior, proceeding *pro se*, brings
before the Court his petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254.  Prior claims that he was
"illegally convicted" of violating a protection from
abuse order.  He also argues that his rights against
double jeopardy were violated, and that his attorney was
ineffective.  The respondent has moved to dismiss each
claim, arguing procedural default, lack of merit and lack
of exhaustion, respectively.  For the reasons set forth
below, I recommend that Prior's petition be DENIED.

Factual Background

In 2005, Prior was convicted by a jury of attempting
to violate a relief from abuse order, violating a relief
from abuse order, and two violations of his conditions of
release.  The Vermont Supreme Court set forth the

relevant facts.

The record indicates the following.  Defendant's
wife, Joanne Prior, obtained a relief from abuse
order against defendant in January 2005.
Shortly thereafter, she called police to report
that defendant violated the order.  Defendant
was arrested, arraigned, and released on those
charges in February 2005.  The conditions of his
release required, among other things, that he
not leave Windham County without permission of
the court, and that he not come within 100 feet
of Ms. Prior, her residence, her vehicle, or her
place of employment.

Less than two weeks later, defendant was again
arrested for violating his conditions of release
and the relief from abuse order.  A two-day jury
trial was held, and defendant was convicted . .
. . At trial, Ms. Prior testified that on the
morning of February 11, 2005, she was traveling
to her children's school and she noticed
defendant driving the opposite way on the same
road.  Very shortly thereafter, she saw that
defendant had changed direction and was one car
behind her.  Ms. Prior dropped her children off
at school and got back onto the main road,
heading to her job in Keene, New Hampshire.  She
noticed defendant's car parked parallel to the
road, facing in the direction in which she was
traveling.  After she passed defendant, she saw
his car following her.  He followed her for a
short time and eventually passed her.  Ms. Prior
called the police and stopped immediately when
she encountered a state trooper along the road.
There was also evidence from which the jury
could have concluded that, on another day in
January 2005, defendant left a spare car key and
a family Bible with a handwritten message in Ms.
Prior's vehicle, and that he had called her
pretending to be a bank employee alerting her
that her account was overdrawn.

A police officer testified that defendant

admitted violating his conditions of release by
traveling into New Hampshire that day.
Defendant maintained, however, that he was
running errands, and provided a written
statement to this effect.  At trial, the State
maintained that defendant's explanation for his
behavior was incredible.  The jury convicted
defendant of several of the charged offenses,
and he was ultimately sentenced on his
convictions for an attempted violation of a
relief from abuse order, one violation of the
relief from abuse order, and two counts of
violation of conditions of release, one for
leaving Windham County and one for being within
100 feet of Ms. Prior's vehicle.

State v. Prior, 2007 VT 1, at ¶¶ 2-4 (Vt. 2007).

Prior appealed his conviction to the Vermont Supreme
Court raising two issues: (1) whether the trial court
"committed plain error by failing to guarantee jury
unanimity on the question of whether he followed or
stalked the victim on the day in question"; and (2)
whether two of his convictions punished the same
behavior, thereby violating his right to be free from
double jeopardy.  Id. at ¶ 1.  He raises only the double
jeopardy claim in his § 2254 petition.

On January 5, 2007, the Vermont Supreme Court issued
its decision denying both claims.  With respect to the
double jeopardy issue, the court found that the charge of
violation of an abuse prevention order ("VAPO") covered

3

conduct that was different from the charge of violation of conditions of release ("VCR").  The court also concluded that the state legislature intended to allow multiple punishments for VAPO and VCR convictions arising from the same misconduct.  Id. at ¶¶ 12-17.

Prior now argues that his conviction was illegal. He also re-asserts his double jeopardy claim, and brings a new claim of ineffective assistance of counsel.  In his illegal conviction claim, Prior does not appear to be addressing the same set of facts presented in his state court trial and appeal.  Instead, he refers to a conviction for "attempts" to contact his daughters, and claims that his conduct was not specifically barred by the applicable abuse prevention order.  On April 25, 2006, Judge Hayes of the Windham County District Court accepted Prior's argument and dismissed the charge. (Paper 5-2 at 1-2).  It is therefore unclear why Prior continues to argue his innocence on this charge.  The respondent has not addressed the substance of this claim, contending only that it is unexhausted and procedurally barred.

Prior's ineffective assistance claim does arise out

4

of the conviction that was brought before the Vermont
Supreme Court on appeal.  Prior alleges that his attorney
failed to file a notice of appeal, and denied him access
to his medical records.  With respect to the former
claim, the state court granted Prior leave to file his
notice of appeal out of time.  (Paper 5-2 at 10).  As to
the medical records claim, Prior contends that he was
barred by his conditions of release from contacting his
former attorney.  The text of the conditions of release
order required that Prior not "abuse or harass" several
individuals, including former counsel.  (Paper 5 at 15).

The respondent now moves to dismiss, citing
procedural bar, lack of merit, and lack of exhaustion as
grounds for dismissal.  The motion is opposed.

## Discussion

Pursuant to 28 U.S.C. § 2254(d), the Court may grant
a writ of habeas corpus if one of two conditions is
satisfied: "the state court adjudication (1) resulted in
a decision that was contrary to clearly established
federal law, as determined by the Supreme Court of the
United States, or (2) involved an unreasonable
application of clearly established federal law, as

5

determined by the Supreme Court of the United States."
Williams v. Taylor, 529 U.S. 362, 412 (2000); see 28
U.S.C. § 2254(d)(1).  In addition, the Court may not
consider a writ of habeas petition unless the petitioner
has exhausted all state judicial remedies.  See 28 U.S.C.
§ 2254(b)(1)(A).  In the interests of comity and
federalism, the petitioner must "first have given the
state courts a fair opportunity to pass upon his
federalism claim."  Daye v. Attorney Gen. of New York,
696 F.2d 186, 191 (2d Cir. 1982).  When reviewing a mixed
habeas petition with exhausted and unexhausted claims,
the Court may deny all claims if they have no merit.  See
28 U.S.C. § 2254(b)(2).

I.   Insufficient Evidence Claim

    Prior's first claim is that he was illegally
convicted of attempting to contact his daughters.  By
virtue of an abuse prevention order dated January 19,
2005, Prior was barred from contacting or attempting to
contact his wife, Joanne Prior.  Parental rights were
awarded to his wife, and Prior was not allowed any
parent-child contact with his daughters.

    Prior was subsequently charged with violating this

6

order when he attempted to contact his daughters in writing through a third party.  On March 7, 2006, Prior's attorney moved to dismiss the charge, arguing that the order did not prohibit such contact.  (Paper 5 at 17-22). In a decision dated April 25, 2006, Judge Hayes agreed. "The defendant argues, persuasively, that the mere denial of an affirmative right to visit his daughters was not an order banning him from writing to them.  The court concludes that the defendant is correct . . . ."  (Paper 5-2 at 1).  Accordingly, the charge was dismissed.

The abuse order on which this charge was based appears to have been the same abuse order that provided the basis for Prior's conviction on charges of contacting his wife.  Nonetheless, it does not appear that Prior was ever convicted of trying to communicate with his daughters in writing.  Consequently, it is not clear why Prior continues to argue his innocence with respect to this charge.

The respondent's motion to dismiss makes no reference to the facts of Prior's first claim, or of Judge Hayes's dismissal of the charge.  Instead, the respondent characterizes the claim as challenging the

7

sufficiency of the evidence presented.  Presumably, the respondent is referring to the evidence in support of the conviction that was ultimately challenged on appeal.

If the respondent's reading of the petition is accurate, Prior's claim was never raised before the Vermont Supreme Court, and thus never exhausted.  <u>See</u> <u>Aparicio v. Artuz</u>, 269 F.3d 78, 89-90 (2d Cir. 2001) (claim must be presented to state's highest court); <u>Morgan v. Bennett</u>, 204 F.3d 360, 369 (2d Cir. 2000) (same).  Moreover, the claim has been procedurally defaulted.

When a claim has never been presented to a state court, a federal court may find that there is an absence of available state corrective process under § 2254(b) "if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile."  <u>Aparicio</u>, 269 F.3d at 90 (citing <u>Reyes v. Keane</u>, 118 F.3d 136, 139 (2d Cir. 1997)).  If a state court has rejected a claim as procedurally defaulted, the claim may only be considered on federal habeas review upon a showing of cause and prejudice, or upon a showing that a miscarriage of

justice will result if the claim is not reviewed.  <u>See</u>
<u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991); <u>Teague v.</u>
<u>Lane</u>, 489 U.S. 288, 298 (1989).

Under Vermont law, a claim that has not been raised
on direct appeal is barred if, absent exigent
circumstances, "the movant deliberately bypassed the
issue on appeal."  <u>In re Stewart</u>, 140 Vt. 351, 361 (1981)
(citing <u>Chin v. United States</u>, 622 F.2d 1090, 1092-93 (2d
Cir. 1980), <u>Berard v. Moeykens</u>, 132 Vt. 597, 599-600
(1974)).  As the Vermont Supreme Court has explained,
"post-conviction review is not a substitute for direct
appeal."  <u>In re Carter</u>, 2004 VT 21, at ¶ 9 (2004).  More
specifically,

> [w]here the issues raised in a petition for
> post-conviction relief were contested at trial
> and were not raised on appeal, they will not be
> addressed on post-conviction review unless it is
> demonstrated that the failure to raise them on
> direct appeal was inadvertent, that appellate
> counsel was ineffective, or that extraordinary
> circumstances excused the failure to raise the
> issues on appeal.

<u>In re Nash</u>, 149 Vt. 63, 64 (1987).

In this case, Prior makes no attempt to argue that
the failure to argue insufficient evidence was
inadvertent.  Although he does bring a claim of

9

ineffective assistance of counsel, he makes no claim that counsel should have raised specific issues on appeal. Finally, there is nothing in the record to support a finding of extraordinary circumstances.

To avoid a procedural default on his unexhausted claims, Prior would have to "show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claims will result in a 'fundamental miscarriage of justice,' *i.e.*, a showing of 'actual innocence.'" Harris v. Reed, 489 U.S. 255, 262 (1989) (citations omitted); accord, Schlup v. Delo, 513 U.S. 298, 324-27 (1995); see also Messiah v. Duncan, 435 F.3d 186, 195 (2d Cir. 2006).  A petitioner may establish cause by showing "'that the factual or legal basis for a claim was not reasonably available to counsel . . . or that some interference by officials . . . made compliance impracticable.'" Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 492 (1986)).  To satisfy the prejudice requirement, the alleged error must have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Torres v. Senkowski, 316

F.3d 147, 152 (2d Cir. 2003) (internal quotation marks omitted).

If the petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he can show that a fundamental miscarriage of justice would result from a failure to entertain the claim, *i.e.*, "that he is actually innocent of the crime for which he has been convicted." Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002) (citing Schlup, 513 U.S. at 321). This fundamental miscarriage of justice exception to the procedural default rule is "extremely rare," and should be applied only in "extraordinary circumstances." See Sweet v. Bennett, 353 F.3d 135, 142 (2d Cir. 2003) (citing Schlup, 513 U.S. at 321-22).

As to the convictions that were actually brought before the Vermont Supreme Court, Prior makes no effort to show either cause for his failure to argue insufficient evidence, or prejudice resulting from this failure. Indeed, his sole challenge appears to focus on a charge that was dismissed at the trial court level. Therefore, the Court finds no support for claim of either prejudice or actual innocence. When unexhausted claims

are procedurally barred in state court, they may be
deemed exhausted and dismissed by the federal court.  St.
Helen v. Senkowski, 374 F.3d 181, 183 (2d Cir. 2004).
Accordingly, I recommend that the Court decline to grant
habeas corpus relief on Prior's first claim.

II.  Double Jeopardy Claim

     The respondent concedes that Prior has exhausted his
double jeopardy claim.  In this claim, Prior argues that
because the same conduct is barred by both the abuse
prevention order and his conditions of release, multiple
convictions resulting from such conduct violated his
right against double jeopardy.  The Vermont Supreme Court
addressed the merits of this claim, and affirmed Prior's
conviction.

     As suggested above, the scope of federal habeas
review of state convictions is a narrow one.  See 28
U.S.C. § 2254(d).  Under the § 2254 standard, the
reviewing court may grant habeas relief only where the
state court's adjudication of the federal claim on the
merits "was contrary to, or involved an unreasonable
application of, clearly established Federal law, as
determined by the Supreme Court of the United States."

28 U.S.C. § 2254(d)(1). Habeas relief is also warranted if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings," or where the petitioner presents clear and convincing evidence to rebut the presumption that state court findings of fact are correct. See 28 U.S.C. § 2254(d)(2); § 2254(e)(1).

A state court decision is an "unreasonable application" of clearly established federal law if the state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Williams v. Taylor, 529 U.S. 362, 413 (2000). Furthermore, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Gilchrist v. O'Keefe, 260 F.3d 87, 93 (2d Cir. 2001) (citing Williams, 529 U.S. at 411).

The Vermont Supreme Court analyzed the double
jeopardy issue according to well-established Supreme
Court precedent, including the seminal case of
Blockburger v. United States, 284 U.S. 299 (1932).  The
Blockburger test instructs courts to focus on the
statutory elements of the offense, rather than the
evidence and proof offered at trial.  See Grady v.
Corbin, 495 U.S. 508, 521 n. 12 (1990),
overruled on other grounds by United States v. Dixon, 509
U.S. 688 (1993).  Applying this test, the Vermont Supreme
Court properly found that the abuse prevention charge
included elements that were distinct from those required
under the violation of conditions of release charge.
Prior, 2007 VT 1, at ¶ 13 (2007).  "[D]efendant was not
punished twice for the same offense, as is prohibited by
the Double Jeopardy Clause.  Rather, he violated two
separate orders and committed two distinct crimes, each
of which has distinct elements about which the jury was
properly instructed.  The fact that both were committed
during one course of conduct does not compel the
conclusion that two convictions or punishments are barred
on double jeopardy grounds."  Id. ¶ 16.  The state court

14

also found that it was the intent of the Vermont
Legislature to define two distinct crimes under the VAPO
and VCR statutes.  Id. ¶ 17.

        Nothing in this analysis was contrary to clearly
established Federal law.  Indeed, the state court's
conclusion was directly in line with Blockburger and its
progeny.  Furthermore, the state court's application of
the facts was not unreasonable.  Prior argues that
because both orders prohibited the same conduct, he could
not violate both without there being a violation of his
right to be free from double jeopardy.  In response to
this argument, the Vermont Supreme Court appropriately
analyzed the elements of each violation, and concluded
that Prior had committed distinct crimes.  Therefore,
Prior's second claim does not merit relief under § 2254.

III.   Ineffective Assistance Claim

     Prior's final claim is that his attorney, Eileen
Hongisto, Esq., was ineffective when she represented him
in his criminal case.  Prior complains that Attorney
Hongisto, among other things, obtained a protection from
abuse order that prevented him from obtaining his legal
materials.  He also claims that she promised to file a

15

notice of appeal but failed to do so.

The respondent argues that these claims were never exhausted, and should therefore be dismissed.  Prior has tried to bring his claims before the state courts, but his petitions have been denied repeatedly, and without prejudice, for procedural reasons.  Even assuming a lack of exhaustion, § 2254 allows district courts to deny unexhausted claims on the merits.  28 U.S.C. § 2254(b)(2).  For the reasons set forth below, Prior's ineffective assistance claims lack merit and should be dismissed.

The record contains a copy of Prior's conditions of release, which included the following language: "You must NOT abuse or harass in any way Barbara Nichols and Chris Kent Eileen Hongisto."  (Paper 5 at 15).  Prior now claims that this order barred him from access to his legal records, thus constituting an "obstruction of justice."  (Paper 5 at 6).  In an effort to obtain his legal records from Attorney Hongisto indirectly, Prior filed a motion in Windham County Family Court.  The judge granted the motion in part, ruling that "[i]t would be appropriate for Attorney Hongisto to release copies of

her legal file generated during representation of
Defendant." (Paper 5-2 at 11).  In an order dated one
week later, the same judge stated that "[t]he Court has
already ordered Attorney Hongisto to release Defendant's
records to him if they are still in her possession." Id.
at 12.  Prior's subsequent motions seeking similar relief
were denied.  The family court judge concluded in one
such order: "In the end, Defendant was required to obtain
copes of the records from Ms. Hongisto which he failed to
initiate." (Paper 5-2 at 15).

Prior argues that he was unable to contact Attorney
Hongisto due to the conditions of his release.  Those
conditions, however, did not prevent legitimate contact.
Instead, they barred Prior from abusing or harassing his
former attorney.  The family court's statement that Prior
should have initiated contact is consistent with this
reading of the conditions of release.  Furthermore, Prior
has not explained how his inability to obtain his records
prejudiced his case.  See Strickland v. Washington, 466
U.S. 668, 688, 692 (1984) (petitioner must show that (1)
counsel's representation "fell below an objective
standard of reasonableness" and (2) the petitioner was

17

prejudiced).  Accordingly, Prior's claim is without merit.

Prior also contends that Attorney Hongisto failed to file a notice of appeal.  This claim is supported by the documents attached to Prior's petition, which include a letter from Attorney Hongisto stating that she would file a notice of appeal "but someone else will have to do the appeal."  (Paper 5-2 at 7).  When Prior later inquired as to the status of his appeal, he was informed that no such appeal was pending.  In a letter dated October 7, 2005, a Deputy Court Manager informed Prior that she had "checked with Eileen Hongisto and she does not plan to file [an appeal] on your behalf."  Id. at 9.

On October 4, 2005, Prior filed a notice of appeal and a request for an extension of time in which to file the notice.  Judge Hayes granted the motion, noting that Prior had asked his attorney to file an appeal "but that she did not do so in a timely fashion.  This is proper cause for the extension of the deadline."  Id. at 10. The case thus proceeded to the Vermont Supreme Court, and Prior received a full review of his claims by the appellate court.

The United States Supreme Court has held that a lawyer who disregards specific instructions to file a notice of appeal acts in a manner that is professionally unreasonable.  See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (citing Rodriguez v. United States, 395 U.S. 327 (1969)).  With respect to the prejudice prong of the Strickland standard, where "counsel's deficient performance deprived [the defendant] of a notice of appeal and, hence, an appeal altogether . . .," the Supreme Court has endorsed "a presumption of prejudice." Flores-Ortega, 528 U.S. at 483.

In this case, Prior was not denied his appeal. Despite his attorney's failure to file a notice of appeal, he was granted leave to appeal, and the merits of his appeal were ultimately heard.  Consequently, there was no actual prejudice, and the case does not require a presumption of prejudice.  Because the prejudice prong of the Strickland standard has not been satisfied, Prior's ineffective assistance claim cannot succeed.

## Conclusion

For the reasons set forth above, I recommend that the respondent's motion to dismiss (Paper 15) be GRANTED,

19

and Prior's petition for a writ of habeas corpus (Paper
5), filed pursuant to 28 U.S.C. § 2254, be DISMISSED.  I
further recommend that Prior's motion to vacate (Paper
19) and motion to dismiss illegal conviction and
sentencing (Paper 22), in which Prior urges the Court to
rule on his initial claims, be DENIED.  In light of these
recommendations, Prior's motion for appointment of
counsel (Paper 10), motions for hearing (Papers 12 and
17), and motion to compel the Court to take action (Paper
21) are DENIED.

     Dated at Burlington, in the District of Vermont,
this 13th day of September, 2007.


                    /s/ Jerome J. Niedermeier
                    Jerome J. Niedermeier
                    United States Magistrate Judge


Any party may object to this Report and Recommendation
within 10 days after service by filing with the clerk of
the court and serving on the magistrate judge and all
parties, written objections which shall specifically
identify the portions of the proposed findings,
recommendations or report to which objection is made and
the basis for such objections.  Failure to file
objections within the specified time waives the right to
appeal the District Court's order.  See Local Rules 72.1,
72.3 & 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.
72(b), 6(a) and 6(e).